JOHN ECKSTEIN BEATTY, Assignee of the CHARLES WARNER
    COMPANY *vs.* ELISHA S. PARSONS and CHARLES H. LIPPIN-
    COTT, Sheriff.

1. PLEADING—"SPECIAL TRAVERSE"—REQUISITES.

    A "special traverse" must always consist of an inducement, which is
the affirmative part of the pleading, and a negative, which is called the *absque
hoc*, and a conclusion to the country.

2. PLEADING—SPECIAL TRAVERSE—REQUISITES.

    The opposite party may not traverse the inducement of a special traverse.

3. PLEADING—SPECIAL TRAVERSE—REPLICATION.

    The special traverse may be employed in a plea, as well as in a replica-
tion.

4. PLEADING—SPECIAL TRAVERSE.

    A plea in replevin, which defends the wrong and says that plaintiff ought
not to maintain his action, because the chattels were in a stranger and not
in plaintiff, is a special traverse; the averment that the property was in a
stranger being the inducement, and only argumentatively denying the alle-
gation in the declaration that the property was in plaintiff, and the part
of the plea averring that the property was not in plaintiff being the *absque hoc.*

5. PLEADING—SPECIAL TRAVERSE—ABSQUE HOC.

    To constitute a special traverse by the *absque hoc*, it is not necessary
that the words "without this" should be employed, and it is the same if the
words "and not" are used.

6. REPLEVIN—PLEADING—REPLICATION.

    Where, in replevin, defendant filed a special traverse, alleging the owner-
ship of the chattels in a stranger, and averring that the property was not in
plaintiff, a replication, averring that the property was at the time of the
taking in plaintiff as alleged in the declaration, was proper.

(*December* 17, 1910.)

PENNEWILL, C. J., and BOYCE and HASTINGS, J. J., sitting.
*Edward Glenn Cook* and *Frank L. Speakman* for plaintiff.
*Herbert H. Ward* for the defendant Parsons.
*Walter H. Hayes* for the sheriff.
Superior Court, New Castle County, November Term, 1910.
REPLEVIN (No. 28, September Term, 1909).
Demurrer to plaintiff's replication.
(See also for trial of this case, 3 *Boyce*—and 78 *Atl.* 302.)

PENNEWILL, C. J., delivering the opinion of the court:
    In the above-stated case the plaintiff in his narr. alleges
that the title to the property in question is in himself.
    To the declaration of the plaintiff, the defendant filed certain
pleas, one of which is as follows:

"And the said Elisha S. Parsons comes and further defends the wrong and injury when, etc., and says that the said plaintiff ought not to have and maintain his action aforesaid against him, because he says that the property of the goods and chattels in the declaration of the said plaintiff mentioned, at the said time, etc., was in one Harry C. Ramsberger and not in the said plaintiff as by the declaration aforesaid is supposed. And this he is ready to verify, etc."

To said plea the plaintiff replied as follows:

"And the said plaintiff, as to the third plea of the said defendant above pleaded, saith: That he by anything in the said third plea alleged from having and maintaining his action as aforesaid to be precluded ought not, because he says that the property of the goods and chattels in his declaration at the time of taking the said goods and chattels, was in him, the said plaintiff, as he, by his declaration aforesaid thereof, hath alleged, and this he prays ma y be inquired of by the country."

To this replication the defendant demurred, stating and showing "the following cause of demurrer, that is to say, that said replication neither traverses, confesses or avoids, nor otherwise answers the plea of said defendant of property of the goods and chattels in the declaration of the said plaintiff mentioned, in one Harry C. Ramsberger."

The question raised by the demurrer, therefore, is the sufficiency of the plaintiff's replication.

In *Volume 2 of Harris' Modern Entries*, 97, is found the following form of a plea of property in a stranger, in an action of replevin:

"Because he saith that the property of the aforesaid three cows in the declaration aforesaid specified, at the said time, when, etc., was in one C. D. and not in the said P. as by the declaration aforesaid is supposed; and this," etc.

In a note following said plea, and also a plea of property in the defendant, it is said:

"Although the last two pleas are usually pleaded together, the issue on them both is one and the same, the only question being whether the goods are the property of the plaintiff, since if they are not, he can have no right to disturb the possession

of the defendant.   These pleas are special traverses.   1 *Williams'*
*Saunders*, 22, *note* 2.   In this case the fact alleged in the declara-
tion, that the goods are those of the plaintiff, is 'a material fact
which will decide the cause one way or the other,' and is therefore
well traversed.   * * *   The issue is therefore to be joined on
the traverse of the plaintiff's property, and the only proper repli-
cation in both cases is, that given hereafter under the title 'Repli-
cation,' which was put in by the late John Thompson Mason,
Esq., in *Glasgow v. Dorsey*, the record of which case is in 2 *Harris'*
*Entries*, 246, etc.   See to the same effect *Cullum v. Bevans*, 6
*Harr. & J.* (*Md.*) 472.   *Mr. Harris* has given, on page 471, a form
of replication irreconcilable to the rules of pleading, being a tra-
verse of the *inducement of the special traverse*, that the goods
are the property of the defendant, and a reiteration of the allega-
tion that they are, that of the plaintiff; but the *inducement* can-
not be traversed, and the *onus probandi* by that means changed,
for such is its effect.   The issue even then is on the affirmative
of the reiterated allegation,   and the negative of the original
traverse.   The form in *Harris* is also bad for duplicity, since it
presents two issues, viz.:   Whether the goods are those of the
plaintiff, or whether they are those of the defendant.   There
seems to be no sound reason why the inducement should not be
dismissed from practice, and the same issue attained in a shorter
mode by a *common* traverse of the fact of the plaintiff's property."
The foregoing note is by Hugh Davey Evans, Esq., who newly
arranged the compilation of *Harris' Entries*, making additions
and improvements thereto.

In *Volume* 2 of *Harris' Entries*, 239, is found the replication
which is stated in said note to be the only proper replication in
an action of replevin to a plea of property in defendant or prop-
erty in a stranger, and it is in the following language:

"And the said plaintiff, by his attorney aforesaid, as to the
second plea of the said defendant, saith that he, by anything in
the said second plea alleged, from having and maintaining his
action aforesaid to be precluded ought not, because he saith that
the property of the said negro slaves called James and Harry
(or the goods and chattels aforesaid), at the time of the taking the

said negroes (or goods and chattels), was in him, the said plaintiff, as he by his declaration aforesaid thereof hath alleged, and this he prays may be inquired of by the country."

It will be noted that the plea filed in the present case is practically identical with the one above quoted from *Harris' Entries*, and that the replication filed here is similar to that which is approved in *Harris' Entries*, and declared in the said note to be the only proper replication to such a plea. The contention of the defendant is that the plaintiff should have traversed the plea not in the common form, but by a special traverse.

Mr. Stephen in his work on *Pleading* (Tyler's Edition 1871) 184, 188, 189, 197, 199, says: "The affirmative part of a special traverse is called its inducement; the negative is called the *absque hoc*. * * * The different parts and properties here noticed are all essential to a special traverse, which must always consist of an inducement, a denial and a verification. * * *

"The general design of a special traverse, as distinguished from a common one, is to explain or qualify the denial, instead of putting it in the direct and absolute form. * * *

"Again it is a rule with respect to special traverse that the opposite party has no right to traverse the inducement, or * * * that there must be no traverse upon a traverse. * * *

"As the inducement of a special traverse, when the denial under the *absque hoc* is sufficient, can neither be traversed, nor confessed and avoided, it follows that there is in that case no manner of pleading to the inducement.

"The only way, therefore, of answering a good special traverse, is to plead to the *absque hoc* which is done by tendering issue on such denial," * * * that is "to tender issue upon it, with a repetition of the allegation traversed."

We assume that the correctness of these general principles will not be disputed, and will endeavor to apply them to the present case.

The special traverse may be employed in a plea as well as in a replication, and that is exactly what we think the defendant has done in this case. That which he insists the plaintiff should have done in his replication he has done in his plea. It is averred in

such plea that the property was in a stranger, and that part of a special traverse is called the inducement, and only indirectly, or argumentatively, denies the allegation in the declaration that the property was in the plaintiff. The plea also avers that the property was not in the plaintiff, and that part of the special traverse is called the *absque hoc.* It is a direct denial that the property was in the plaintiff, which is the only thing that could be traversed by the plea.

To constitute a special traverse by the *absque hoc* it is not necessary that the words "without this" should be employed. It is the same if the words "and not" are used. The defendant's plea being a special traverse, and by the *absque hoc*, what should the plaintiff in his replication do? That is the question we have to decide. Certainly he should not, and could not, traverse the inducement of the plea, which is that the property was in a stranger, to wit, one Harry C. Ramsberger. He was compelled to take issue on the denial in the plea that the property was in the plaintiff. That is what the plaintiff has done in his replication, following exactly the form set out in *Harris' Entries*, and above quoted.

We are of the opinion that the replication is good and sufficient in law, and think no authority can be found to the contrary.

The case of *McIlvaine's Adm'r. v. Holland & Records,* 5 *Harr.* 226, and 2 *Woolley's Del. Prac.* §§ 1547 and 1548, are cited by the defendant as authorities to sustain his contention. The sections referred to in *Woolley* are based upon the case in 5 *Harr.* 236, and we think that case when carefully read and considered will be found to be in perfect harmony with our conclusion.

Evidently the mistake in regard to the 5 *Harr. case* has arisen from a misconception of the language used in the argument of Mr. Houston, one of the counsel in the case. We quote the language:

"The plea of property is '*actio non* because he saith that the property of the said goods was in William Holland.' What is the issue on the plea? The averment of property in William Holland was mere inducement—the traverse is on the *absque hoc*, that the property is in McIlvaine. The narr. necessarily alleges property in the plaintiff, and he must prove it or he fails;

this is the matter traversed by the plea of property. Otherwise, property in a stranger could be no defense. Possession is not sufficient to maintain replevin. Plaintiff must have the property. The plaintiff's allegation of property in himself, which is contained in the narr. must contain in his replication a traverse of the defendant's plea by the *absque hoc;* for the mere affirmation of property in the defendant, or in a stranger, which is made by the plea, though it presents two inconsistent affirmatives, makes no issue. The allegation of property in the defendant is but *inducement* to the traverse, which denies the plaintiff's property; and, the issue being on that traverse, the plaintiff is bound to prove *his* property."

It must be admitted that Mr. Houston's language, as reported, is liable to mislead, and unless the reader is very careful he will naturally conclude that the replication must contain a traverse by the *absque hoc* of the defendant's plea. But Mr. Houston's language need not be so construed, and certainly such was not what was meant. He said: "The plaintiff's allegation of property in himself, which is contained in the narr. must contain in his replication a traverse of the defendant's plea by the *absque hoc.*" And the meaning is, not that the replication must contain a traverse by the *absque hoc,* but that it must contain a traverse of (or take issue on) the defendant's plea, which was by the *absque hoc.* It was the plea, and not the replication, that was a special traverse by the *absque hoc.*

As we have said, one might very naturally be misled by this case unless he considered the language quoted very carefully, or even though he considered with some care only the words that refer to the replication, but when those words are considered in connection with the context, and the whole argument, their meaning is clear.

The demurrer is overruled.